UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

YOLANDA MARTIN SINGLETON            CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.          NO. 20-00625-BAJ-RLB

### RULING AND ORDER

Before the Court is Defendants the Louisiana Department of Wildlife and Fisheries (the "Department") and the Louisiana Wildlife and Fisheries Commission's (the "Commission") **Rule 12(c) Motion for Judgment on the Pleadings (Doc. 26).** The Motion is opposed. (Doc. 27). Defendants filed a Reply Memorandum. (Doc. 30). For the reasons stated herein, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART.**

## I.    BACKGROUND

This case arises out of alleged employment discrimination. (Doc. 11, ¶ 2). Plaintiff alleges the following. Plaintiff was employed by both the Department and the Commission. (*Id.* at ¶ 5). The Department hired Plaintiff as a Land Acquisition Attorney in October 2008. (*Id.* at ¶ 7). In 2012, Plaintiff was promoted to Deputy General Counsel. (*Id.*). In 2016, Plaintiff was promoted to Executive General Counsel. (*Id.*). Plaintiff also served as General Counsel to the Commission. (*Id.*). Plaintiff was the only African American and the only woman on the legal team. (*Id.*). Plaintiff alleges that the Department and the Commission, as her employers, discriminated against her in violation of Title VII and 42 U.S.C. § 1981 on the basis of her race and

1

gender. (*Id.* at ¶ 28). Plaintiff also alleges that Defendants committed a retaliation violation under the FMLA. (*Id.* at ¶ 28).

Defendants filed a Counterclaim against Plaintiff for breach of contract. (Doc. 21, ¶¶ 13–18). Defendants allege the following. On October 18, 2018, Plaintiff voluntarily resigned her employment with the Department. (*Id.* at ¶ 5). On October 19, 2018, Plaintiff signed a "Compromise, Settlement, and Release" ("Release") waiving certain claims that she may have against the Department.[1] (*Id.* at ¶ 7). Plaintiff, who is an attorney herself, Plaintiff's attorney, Robert Aguiluz, and two witnesses signed the Release. (*Id.* at ¶ 12; Doc. 11, ¶ 7). Therein, Plaintiff released the Department from the following:

> ***All rights and causes of action*** [arising] under the Constitutions, statutes, [codes], regulations and laws of the United States of America, [the] State of Louisiana and the Civil Service Rules, whether the same be now known or hereafter discovered including, but not limited to, ***Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e, et seq.), as amended***; the Americans with Disabilities Act, as amended (42 U.S.C. 12101, et seq.); the Age Discrimination in Employment Act (29 U.S.C. 623, et seq.); ***the Family and Medical Leave Act (294 U.S.C. 2611, et. seq.)***; The Employee Retirement Income Security Act (ERISA}, as amended (29 U.S.C. 1001, et seq.); 42 U.S.C. § 1983; the Louisiana Employment Discrimination Law (La. R.S. 23:301, et seq. and La. R.S. 51:2231, et seq.); La. R.S. 23:631 et seq; La. R.S. 23:967; La. R.S. 42:1169; La. C.C. arts. 2315, 2316, 2317 and 2320; and any and all other federal, state and local laws, statutes and regulations prohibiting, without limitation, discrimination, retaliation, harassment, conspiracy, wrongful termination, whistleblower status, [i]ntentional infliction of emotional distress, detrimental reliance or any other offense, quasi-offense or delict.

---

[1] The Court finds it disingenuous that Plaintiff, knowing she signed a Release that purports to bar the very claims she now asserts in this case, failed to mention the existence of the Release in her Complaint. Instead, the Court was made aware of the Release through Defendant's Counterclaim.

(Doc. 21, ¶ 9).

Finally, Plaintiff agreed that it was her intention to:

[F]ully and finally compromise and settle all matters of any nature which have arisen throughout her employment and departure from employment with [the Department]. *As such, [Plaintiff] represents, warrants and covenants that she has not, nor will anyone on her behalf, hereinafter sue or file any claim, complaint or cause of action of any type against the State of Louisiana or [the Department]*, its officers, employees, agents and representatives (past and present) before any court, administrative agency or commission, whether state, federal or local, for claims arising out of her employment and departure from employment with [the Department].

(*Id.* at ¶ 10). Defendants argue that Plaintiff breached the Release by filing this lawsuit. (*Id.* at ¶ 16).

## II.    PROCEDURAL HISTORY

On September 18, 2020, Plaintiff filed suit, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1, ¶ 3). Before Defendants responded, Plaintiff filed an Amended Complaint on December 17, 2020. (Doc. 11).

Thereafter, Defendants filed an Answer and Counterclaim against Plaintiff, followed by a First Amended and Restated Response to Plaintiff's Amended Complaint. (Doc. 17; Doc. 21). Plaintiff filed an Answer to Defendants' Counterclaim. (Doc. 25).

Defendants then moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 26).

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the

3

pleadings." A motion brought pursuant to Rule 12(c) is designed to "dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citing *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Great Plains Tr. Co.*, 313 F.3d at 312 (internal citations omitted).

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* (internal citations omitted). "The [district] court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)).

"In analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* at 312–13 (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)). We will not, however, "accept as true conclusory allegations or unwarranted deductions of fact." *Id.* at 313 (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (addressing Rule 12(b)(6) standard)) (quoting *Tuchman v. DSC Comm. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). "The issue is not whether the plaintiff will

ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (internal citations omitted).

## IV. DISCUSSION

Because the Release at issue addresses the Department only, the Court will address Plaintiff's claims against the Department and the Commission separately, beginning with the Department.

### A. Plaintiff's Claims Against the Department

As a preliminary matter, the Court must determine whether Defendants' Motion can be properly adjudicated as a motion for judgment on the pleadings. *See Peddy v. Aaron's Inc.*, No. CV 18-1625, 2019 WL 763510, at *2 (E.D. La. Feb. 21, 2019). The pertinent question is whether Plaintiff's Answer to Defendants' Counterclaim raises a factual dispute that would render a judgment on the pleadings inappropriate, or whether the pleadings present only legal disputes. *Id.* (citing *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002)).

Here, Plaintiff tries to avoid the consequences of the contract at issue by asserting duress and lack of consideration in her Opposition. (Doc. 27). However, Plaintiff failed to assert these affirmative defenses in her Answer. (*Compare* Doc. 25 *with* Doc. 27). The United States Court of Appeals for the Fifth Circuit has emphasized that the "Federal Rules require an affirmative defense to be pleaded;

5

failure to plead such a defense constitutes a waiver." *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir. 1999).

Federal procedural law governs whether a particular defense is an affirmative defense that must be specifically pled.[2] *See Glass Containers Corp. v. Miller Brewing Co.,* 643 F.2d 308, 313 (5th Cir.1981) ("Since the requirement to plead an affirmative defense is a procedural rule, it is governed . . . by the Federal Rules."). Federal Rule of Civil Procedure 8(c) provides a non-exclusive list of the affirmative defenses that must be "set forth affirmatively," including "duress" and "failure of consideration." Here, Plaintiff failed to assert either affirmative defense in her Answer as required.

Accordingly, Plaintiff's Answer to Defendants' Counterclaim fails to raise a factual dispute that would render a judgment on the pleadings inappropriate. *See Peddy v. Aaron's Inc.,* No. CV 18-1625, 2019 WL 763510, at *2 (E.D. La. Feb. 21, 2019) (These are questions of contractual interpretation that constitute legal—not factual—disputes, which can be adjudicated in a motion for judgment on the pleadings.) (citing *Reliant Energy Servs., Inc. v. Enron Can. Corp.,* 349 F.3d 816, 821 (5th Cir. 2003) ("A determination of whether a contract is ambiguous and the interpretation of a contract are questions of law. . ."); *Brittan Commc'ns,* 313 F.3d at 904 ("[J]udgment on the

---

[2] The parties do not brief whether federal or Louisiana law should apply to this issue. Even if the Court applied Louisiana law to determine whether Plaintiff's defenses of duress and lack of consideration must be affirmatively pled, however, the result would be the same. Louisiana Code of Civil Procedure Article 1005 sets out a list of affirmative defenses that must be set forth in the Answer, including both duress and failure of consideration. La. Code Civ. Proc. art. 1005 (2012).

pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain.").

The Court will address the purported Release of Plaintiff's Title VII and FMLA claims against the Department in turn, beginning with her Title VII claims.

### i.  Title VII Claims Against the Department

The Fifth Circuit has set forth the following standard to determine whether a release of Title VII claims is valid. "A general release of Title VII claims does not ordinarily violate public policy. To the contrary, public policy favors voluntary settlement of employment discrimination claims brought under Title VII." *Smith v. Amedisys Inc.*, 298 F.3d 434, 441 (5th Cir. 2002) (citing *Rogers v. Gen. Elec. Co.*, 781 F.2d 452, 454 (5th Cir. 1986) (additional citations omitted)). Nonetheless, the Court must "closely scrutinize a release waiving rights under Title VII because of their remedial nature." *Smith*, 298 F.3d at 441 (citing *Watkins v. Scott Paper Co.*, 530 F.2d 1159, 1172 (5th Cir. 1976) ("A waiver of a federal remedial right is not lightly to be inferred.")).

"The interpretation and validity of a release of claims under Title VII is governed by federal law." *Smith*, 298 F.3d at 441 (citing *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir.1994); *Rogers*, 781 F.2d at 454). A release of a Title VII claim is valid only if it is "knowing and voluntary." *Smith*, 298 F.3d at 441 (citing *Rogers*, 781 F.2d at 454). In determining whether a release was knowingly and voluntarily executed, the Fifth Circuit has adopted a "totality of the circumstances" approach. *Smith*, 298 F.3d at 441 (citing *O'Hare v. Global Natural Res.*,

7

898 F.2d 1015, 1017 (5th Cir. 1990)). The employer bears the burden of establishing

that its former employee "signed a release that addresses the claims at issue, received

adequate consideration, and breached the release." *Smith*, 298 F.3d at 441 (citing

*Williams*, 23 F.3d at 935).

Here, the Release is signed by Plaintiff, who, as noted, is an attorney herself,

Plaintiff's attorney, and two witnesses. (Doc. 11, ¶ 7; Doc. 21, ¶¶ 7, 12; Doc. 21-2, p.

3). The Release plainly addresses the claims at issue. Plaintiff asserts Title VII and

FMLA claims. (Doc. 11, ¶ 1). The Release provides that Plaintiff released "all rights

and causes of action[,] [. . .] including, but not limited to, Title VII of the Civil Rights

Act of 1964 (42 U.S.C. 2000e, *et seq.*), as amended; [. . .] [and] the Family and Medical

Leave Act (294 U.S.C. 2611, *et. seq.*). (Doc. 21, ¶ 9).

In return, the Release provides that Plaintiff received the following

consideration:

1) Rescission of the disciplinary reduction in pay previously issued to Appearer by letter dated August 17, 2018;

2) Payment of the wages lost by Appearer associated with this reduction in pay;

3) Expungement of any and all reference to this reduction in pay (and related documents) from Appearer's personnel record maintained by the Louisiana Department of Wildlife and Fisheries (LDWF);

4) Rescission of the Pre-Deprivation Notice proposing termination recently issued to Appearer by letter dated October 11, 2018;

5) Expungement of any and all reference to this Pre-Deprivation Notice (and related documents) from Appearer's personnel file maintained by LDWF;

6) Acceptance of Appearer's voluntary resignation effective November 15, 2018, and coding of her separation as such in her personnel record; and

7) Approval of Appearer's use of annual leave from the date of execution hereof through her voluntary resignation date;

8

(Doc. 21-2, p. 1).[3] Again, Plaintiff does not assert failure of consideration in her Answer and this defense is therefore waived. *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

Finally, because Plaintiff agreed to "forever discharge" the Department from the above claims, Plaintiff has breached the contract by filing the instant lawsuit. The Department has borne its burden of establishing that Plaintiff "signed a release that addresses the claims at issue, received adequate consideration, and breached the release." *Smith*, 298 F.3d at 441.

It is then incumbent upon Plaintiff to "demonstrat[e] that the release was invalid because of fraud, duress, material mistake, or some other defense." *Id.*

---

[3] The United States District Court for the Eastern District of Louisiana recently explained:

> In ruling on a 12(c) motion, the Court must look only to the pleadings, *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), and exhibits attached to the pleadings, *see Waller v. Hanlon*, 922 F.3d 590, 600 (5th Cir. 2019); *Voest-Alpine Trading*, 142 F.3d at 891 n.4. "If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But uncontested documents referred to in the pleadings may be considered by the Court without converting the motion to one for summary judgment, even when the documents are not physically attached to the complaint. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002). The Court may also consider documents attached to a 12(c) motion without converting the motion into one for summary judgment, if the documents are "referred to in the complaint and are central to the plaintiff's claim." *See Allen v. Hays*, 812 F. App'x 185, 189 (5th Cir. 2020) (quoting *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010)).

*Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 550 F. Supp. 3d 364, 370 (E.D. La. 2021).

Because Plaintiff failed to assert any of these defenses in her Answer, she has waived these defenses. Plaintiff's release of her Title VII claims is valid under the standard articulated by the Fifth Circuit. Accordingly, Defendants' Motion is **GRANTED IN PART**. Plaintiff's Title VII claims against the Department are **DISMISSED WITH PREJUDICE.**

### ii. FMLA Claims Against the Department

The parties fail to point to case law interpreting whether or when the waiver of FMLA claims is valid. Significantly, however, the regulations implementing the FMLA provide:

> (d) Employees cannot waive, nor may employers induce employees to waive, their prospective rights under FMLA. For example, employees (or their collective bargaining representatives) cannot trade off the right to take FMLA leave against some other benefit offered by the employer. ***This does not prevent the settlement or release of FMLA claims by employees based on past employer conduct without the approval of the Department of Labor or a court.*** Nor does it prevent an employee's voluntary and uncoerced acceptance (not as a condition of employment) of a light duty assignment while recovering from a serious health condition. See § 825.702(d)

29 C.F.R. § 825.220. In the absence of any analysis to the contrary from the parties, the Court determines that the same analysis set forth above regarding Plaintiff's Title VII claims applies here.

Accordingly, Plaintiff has released her FMLA claims against the Department. Defendants' Motion is **GRANTED IN PART**. Plaintiff's FMLA claims against the Department are **DISMISSED WITH PREJUDICE.**

### B. Plaintiff's Claims Against the Commission

Having addressed Plaintiff's claims against the Department, the Court turns to her claims against the Commission. Significantly, the Release references the Department only. (Doc. 17-1). Defendants argue that Plaintiff's Title VII and FMLA claims against the Commission, however, are untenable because Plaintiff was not employed by the Commission but rather was employed only by the Department. (Doc. 26-1, p. 10). Contrarily, Plaintiff alleges in her Complaint that she was employed by the Commission. (Doc. 11, ¶ 5).

The Court finds that this is a fact issue that the Court cannot determine on a Rule 12(c) Motion. *See Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC,* 550 F. Supp. 3d 364, 370 (E.D. La. 2021) ("Judgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain.") (internal quotation marks omitted). Accordingly, Defendants' Motion (Doc. 26) is **DENIED IN PART.** Plaintiff's claims against the Commission remain.

### C. Punitive Damages Claim Against Both the Department and Commission

Finally, Plaintiff's claim for punitive damages against both Defendants will be dismissed. Title VII precludes plaintiffs from recovering punitive damages against governments, government agencies, and political subdivisions:

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

11

*Fields v. Dep't of Pub. Safety*, 911 F. Supp. 2d 373, 386 (M.D. La. 2012) (citing 42 U.S.C. § 1981(b)). Additionally, "the FMLA does not provide for recovery of punitive damages." *Id.* at 385.

Thus, Defendants' Motion is **GRANTED IN PART.** Plaintiff's claim for punitive damages shall be dismissed against both the Department and the Commission.

## V.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants the Louisiana Department of Wildlife and Fisheries and the Louisiana Wildlife and Fisheries Commission's **Rule 12(c) Motion for Judgment on the Pleadings (Doc. 26)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** the Plaintiff's claims against Defendant the Louisiana Department of Wildlife and Fisheries are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** the Plaintiff's Title VII and FMLA claims against Defendant the Louisiana Wildlife and Fisheries Commission remain.

**IT IS FURTHER ORDERED** the Plaintiff's claims for punitive damages against Defendants the Louisiana Department of Wildlife and Fisheries and the Louisiana Wildlife and Fisheries Commission are **DISMISSED.**

**IT IS FURTHER ORDERED** that this matter is **REFERRED** to the Magistrate Judge for the issuance of a revised Scheduling Order.

Baton Rouge, Louisiana, this 30th day of August, 2022

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**