# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

YOLANDA MARTIN SINGLETON                    CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                  NO. 20-00625-BAJ-RLB

## RULING AND ORDER

Plaintiff Yolanda Martin Singleton, an attorney, alleges claims of race- and sex-based discrimination against her former "employers," the Louisiana Department of Wildlife and Fisheries (the "Department") *and* the Louisiana Wildlife and Fisheries Commission (the "Commission"). (Doc. 11). On August 30, 2022, the Court dismissed Plaintiff's claims against the Department because when she resigned her position as General Counsel to the Department and the Commission, Plaintiff executed a Settlement Agreement that expressly released "[a]ll rights and causes of action" against the Department *only* (a fact conspicuously absent from Plaintiff's operative Complaint). (Doc. 46). Now, the Commission moves for summary judgment, arguing principally that it was not Plaintiff's "employer," and, thus, cannot be the target of Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e, *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). The Commission further contends that Plaintiff "has not produced a single shred of evidence" to support her claim under 42 U.S.C. § 1981. (Doc. 62 at 19). Plaintiff opposes the Commission's motion. (Doc. 63).

The summary judgment standard is well-set: to prevail, the Commission must show that there is no genuine dispute as to any material fact and that it is entitled

to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making this assessment, the Court must view all evidence and make all reasonable inferences in the light most favorable to Plaintiff—the non-moving party. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022). Even so, under the Federal *and* Local Civil Rules, Plaintiff *must* counter with *evidence* to support her claims: "A non-movant will not avoid summary judgment by presenting speculation, improbable inferences, or unsubstantiated assertions." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quotation marks omitted); *see also* M.D. La. LR 56. To the point, summary judgment is *required* if Plaintiff fails to "produce any summary judgment evidence on an essential element of [her] claim." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

It is axiomatic that Plaintiff's claims of employment discrimination under Title VII and the FMLA may only succeed if the Commission was Plaintiff's "employer." *See* 42 U.S.C. § 2000e-2(a) (Title VII forbids an "employer" from discriminating against an employee on the basis of race, color, religion, sex, or national origin); 29 U.S.C. § 2615(a) (the FMLA prohibits an "employer" from retaliating against an employee for seeking a protected work leave of absence). Essentially the same "hybrid economic realities/common law control test" determines "employer" status for purposes of Title VII and the FMLA. *Compare Deal v. State Farm Cnty. Mut. Ins. Co. of Texas*, 5 F.3d 117, 119 (5th Cir. 1993) (Title VII claims), *with Oncale v. CASA of Terrebonne Par., Inc.*, No. 19-cv-14760, 2020 WL 3469838, at *13 (E.D. La. June 25, 2020) (Africk, J.) (FMLA claims).

> The right to control an employee's conduct is the most important component of this test. When examining the control component, we have focused on whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule. The economic realities component of our test has focused on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment.

*Deal*, 5 F.3d 119; *accord Oncale*, 2020 WL 3469838, at *13.

Here, it is uncontroverted[1] that the Commission did *not* hire, fire, supervise, or otherwise exercise any authority over the terms and conditions of Plaintiff's employment. (Doc. 62-1 ¶ 20). Nor did the Commission pay Plaintiff's wages or benefits, or withhold Plaintiff's taxes. (*Id.* ¶¶ 7-8, 23-24). To the contrary, the Commission's evidence shows that the Department (*not* the Commission) hired, supervised, and evaluated Plaintiff, approved Plaintiff's work schedule, paid Plaintiff's salary and benefits, withheld Plaintiff's federal and state taxes,

---

[1]    As required by Local Civil Rule 56, the Commission accompanied its motion with a bullet-point Statement of Undisputed Facts, specifically citing record evidence or facts otherwise susceptible to judicial notice. (Doc. 62-2). In response, Plaintiff was required to submit "a separate, short, and concise statement of material facts" expressly admitting, denying, or qualifying the Commission's bulleted facts, and supporting "each denial or qualification by a record citation." M.D. La. LR 56(c). Instead, Plaintiff submitted a document styled "Contested Issues [sic] Material Facts" that fails to specifically respond to any of the 54 bullet-point paragraphs set forth in the Commission's Statement. (*See* Doc. 63-1).

The Local Rules are clear: at summary judgment well-supported "[f]acts contained in a supporting or opposing statement of material facts … shall be deemed admitted unless properly controverted." M.D. LR 56(f). Further, the Court is under "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." *Id.* Moreover, the Court has repeatedly warned that "its Local Rules carry the force of law, that parties appearing before the Court are charged with knowledge of its Local Rules, and that a party that fails to comply with the Local Rules does so at [her] own peril." *Deggs v. Aptim Maint., LLC*, No. 19-cv-00406, 2022 WL 2351922, at *1 n.2 (M.D. La. June 29, 2022) (Jackson, J.) (quotation marks omitted). At grave risk, Plaintiff ignored these admonishments. Absent any proper opposition, the Court deems admitted the well-supported facts set forth in the Commission's Statement of Undisputed Facts. *See id.*

maintained Plaintiff's employment records, and was "the sole authority to issue disciplinary actions for her performance as General Counsel … [which included] the ability to demote her, reduce her pay, or to terminate her employment." (*Id.* ¶¶ 32-38; Doc. 62-8 ¶¶ 15-25). In sum, the evidence shows that the Department (*not* the Commission) exercised exclusive control over the terms and conditions of Plaintiff's employment with the State, and therefore the Department (*not* the Commission) was Plaintiff's "employer" under Title VII and the FMLA. Having failed to produce any evidence on an essential element, Plaintiff's Title VII and FMLA claims must be dismissed.[2] *See Geiserman*, 893 F.2d at 793; *Oncale*, 2020 WL 3469838, at *13 (explaining that for purposes of the economic realities test, "[a] claimant does not have to establish every element," but that "the absence of all factors is fatal" (quotation marks and alterations omitted)).

Plaintiff's Section 1981 claim fares no better. Section 1981 "prohibits race discrimination in the making and enforcing of contracts." *Combs v. Exxon Mobil Corp.*, No. 18-cv-0045, 2019 WL 3502908, at *2 (M.D. La. Aug. 1, 2019) (Jackson, J.). To prevail, Plaintiff must show that (1) she is a member of a racial minority; (2) the Commission had an intent to discriminate on the basis of race; and (3) the

---

[2] Plaintiff attempts to avoid the conclusion that only the Department (*not* the Commission) was her "employer" for purposes of her Title VII and FMLA claims by arguing that "the Department and the Commission are so intricately intwined [sic] that there is no separate identity between the two entities." (Doc. 63 at p. 13). This argument is a nonstarter. As noted by the Commission in its motion and *again* in its reply, (Doc. 62-2 at 8-9, Doc. 66 at 3) the U.S. Court of Appeals for the Fifth Circuit has repeatedly refused to apply the "single employer" doctrine to government employers "because it was developed for application to private entities." *See Garrett-Woodberry v. Mississippi Bd. of Pharmacy*, 300 F. App'x 289, 291 (5th Cir. 2008) (citing authorities).

discrimination concerned her employment "contract" with the Department. *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997). Here, the first element is satisfied. Otherwise, however, the Commission is correct that Plaintiff has not produced *any* evidence to support her claim. (Doc. 62-2 at p. 18). Indeed, Plaintiff's opposing statement of material facts includes *nothing* whatsoever to support a determination that she suffered discrimination even *once* when employed by the Department, much less that such discrimination concerned her employment contract. (*See* Doc. 63-1). This Court has repeatedly warned that "summary judgment is about evidence, and that a party that fails to direct the Court's attention to any evidence supporting [her] claims cannot carry [her] burden of showing a genuine, material dispute[.]" *Johnson v. Cooper T. Smith Stevedoring Co., Inc.*, 610 F. Supp. 3d 867, 877 (M.D. La. 2022) (Jackson, J.), *aff'd*, --- F.4th ----, 2023 WL 4539583 (5th Cir. July 14, 2023). And, again, the Court will not comb the record for evidence not specifically referenced in Plaintiff's opposing statement of facts. *Supra,* n.1. Having failed to support the essential elements of this claim, Plaintiff's Section 1981 claim must also be dismissed. *Geiserman*, 893 F.2d at 793.

Accordingly,

**IT IS ORDERED** that the Commission's **Motion for Summary Judgment (Doc. 62)** be and is hereby **GRANTED**, and that Plaintiff's claims against the Commission be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Commission be and is hereby **DISMISSED** from this action.

Having now dismissed all claims set forth in Plaintiff's Amended Complaint, and there being only the Department's counterclaim for breach of the Settlement Agreement remaining for trial (*see* Doc. 17 at 10-15),

**IT IS FURTHER ORDERED** that within 7 days of the date of this Order, Plaintiff and the Department shall submit a revised joint pretrial order limited to the remaining issues presented with the Department's counterclaim for breach of the Settlement Agreement.

Baton Rouge, Louisiana, this 25th day of July, 2023

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**