UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

YOLANDA MARTIN SINGLETON                              CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                            NO. 20-00625-BAJ-RLB

RULING AND ORDER

Now before the Court is Defendants' **Motion for Attorney's Fees And Costs (Doc. 82)**, seeking a total award of $74,845.57, of which $74,152.37 are attorney's fees and $693.20 are costs and expenses. The Motion is unopposed. For reasons that follow, the Motion will be **GRANTED**.

I.  BACKGROUND

In 2020, Plaintiff brought employment discrimination claims against her former "employers," the Louisiana Department of Wildlife and Fisheries (the "Department") and the Louisiana Wildlife and Fisheries Commission (the "Commission"). (Doc. 1). Two years later, Plaintiff's claims against the Department were dismissed because the Court learned through Defendants' Counterclaim that Plaintiff signed a Settlement Agreement after resigning from her position as General Counsel to the Department and the Commission that expressly released "[a]ll rights and causes of action" against the Department. (Doc. 46). Plaintiff's remaining claims against the Commission were dismissed thereafter, as the Commission was not Plaintiff's employer. (Doc. 75). Defendants subsequently filed a Motion for Attorney's Fees and Costs, asserting that Defendants' counsel billed $74,845.57 in the above-

captioned matter, of which $74,152.37 were attorney's fees and $693.20 were costs and expenses. (Doc. 82-1 at pp. 9-10). Defendants assert that awarding attorney's fees and costs is necessary here because Plaintiff's claims were frivolous, unreasonable, and groundless.

## II. LAW AND ANALYSIS

### A. Availability of Costs

Under Rule 54(d)(1), an award of costs to the prevailing party is almost (but not quite) automatic: "denial of costs is in the nature of a penalty for some defection . . . in the course of the litigation," and therefore must be justified by a reasoned decision. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (*quoting Walters v. Roadway Exp., Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)); *see also Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) ("Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." (quotation marks omitted)).

Defendants, as the prevailing parties, seek an award of costs and expenses in the amount of $693.20 for exemplification and copying fees incurred. (Doc. 82-3). Defendants support this request with a signed declaration from counsel. (*Id.*). Exemplification and copying fees may be taxed as costs under 28 U.S.C. § 1920. *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 131 (5th Cir. 2015). Absent any objection from Plaintiff, the Court finds that all costs and expenses claimed by Defendants were necessarily obtained for use in the case, and are properly compensable under Rule 54(d)(1).

**B. Availability of Attorneys' Fees**

The Court may, in its discretion, award reasonable attorney's fees for Title VII actions and for actions brought under 42 U.S.C. § 1981. 42 U.S.C. § 1988; 42 U.S.C. § 2000e-5(k). Attorney's fees for Title VII and § 1981 claims may only be awarded when the plaintiff's claims are frivolous, unreasonable, or groundless, or when plaintiff continues to litigate after they become so. *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000); *E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 472 (5th Cir. 2009).

In determining whether a plaintiff's claims are frivolous, unreasonable, or groundless, the Court may consider the following factors: i) whether the plaintiff established a *prima facie* case, ii) whether directly controlling precedent foreclosed plaintiff's legal argument, iii) whether plaintiff's evidence was such that there is no basis from which to say the claims were not frivolous, iv) whether the defendant offered to settle, and v) whether plaintiff's claim was "so obviously meritless that it was dismissed prior to trial." *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 205 (5th Cir. 2023).

Here, examination of the factors above shows that Plaintiff's claims were frivolous, and that awarding attorney's fees to Defendants is necessary. Plaintiff did not establish a *prima facie* case for employment discrimination against either the Department or the Commission. Plaintiff explicitly waived her claims against the Department after resigning. (Doc. 46 at p. 2). Plaintiff asserted duress and lack of consideration for this waiver in her Opposition to Defendants' Motion for Judgment

on the Pleadings, (Doc. 27), but such defenses were both procedurally deficient and lacked any supporting evidence.

As to Plaintiff's claims against the Commission, it was again uncontroverted that the Commission did not exercise any authority over the terms and conditions of Plaintiff's employment. (Doc. 75 at p. 3). Defendants' uncontroverted evidence established that the *Department* hired, supervised, maintained employment records for, and paid Plaintiff. (*Id.*). Plaintiff's responses to Defendants' evidence on the Commission's status as Plaintiff's employer were again procedurally and substantively deficient. The Court noted that Plaintiff's argument that the Department and the Commission were so "intricately intwined [sic] that there is no separate identity between the two entities", (Doc. 64-4 at p. 6), was a legal nonstarter. (Doc. 75 at FN 2 (*citing Garrett-Woodberry v. Mississippi Bd. Of Pharmacy*, 300 F. App'x 289, 291 (5th Cir. 2008) (citing authorities))). Further, as the Court noted in its Order granting Defendants' Motion for Summary Judgment, (Doc. 75), Plaintiff failed to provide any evidence to support her § 1981 claim.

In sum, Plaintiff failed to establish a *prima facie* case against either the Department or the Commission. Plaintiff's claim that the Commission and the Department were essentially one entity was foreclosed by directly controlling precedent. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 344 (5th Cir. 2007). Little to no evidence was provided in support of Plaintiff's § 1981 claim against the Commission, just as little to no evidence was provided in support of Plaintiff's position that the Commission was her employer. (Doc. 75). Plaintiff failed to provide the

Settlement Agreement to the Court, failed to timely assert applicable defenses to the effectiveness of the Settlement Agreement, and subsequently failed to provide any acceptable evidence in support of her position that the Settlement Agreement did not bar her claims against the Department. Accordingly, there is no basis for the Court to determine that Plaintiff's claims were not frivolous. Lastly, the Parties agree that no offer of settlement was ever tendered to Plaintiff, (Docs. 35 and 36), and Plaintiff's claims were dismissed prior to trial. The Court therefore finds that an examination of each factor set forth in *Vaughan* supports an award of attorney's fees to Defendants. *See* 62 F.4th at 205. The Court now turns to examining whether Defendants' requested attorney's fees are reasonable.

### C. "Lodestar" Standard

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the reasonableness of an award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar is computed by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* The lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). After making this calculation, the Court may decrease or enhance the lodestar based on the relative weights of the twelve factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended" and demonstrating the use of billing judgment. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (*citing Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997)).

### i. Reasonable hourly rates

Defendants seek attorney's fees in the amount of $74,152.37. Defendants' counsel, the law firm of Hammonds, Sills, Adkins, Guice, Noah, & Perkins L.L.P. (Hammonds), billed at a rate of $175.00 per hour for partners and $125.00 per hour for associates. Hammonds billed 442.70 hours to this matter. (Doc. 82-1 at p. 9).

Plaintiff has not contested these rates and based on the Court's experience and a review of similar cases, the Court approves Defendants' proposed hourly rates for their counsel without adjustment. Their rates are reasonable, and are in fact well below the market rate in this district. *See Capitol City Produce Co. v. Sammy's Holdings, L.L.C.*, 2020 WL 6938814, at *9 (M.D. La. Nov. 25, 2020) (approving hourly rates of $425, $400, and $300 an hour); *Campbell v. Verma Sys., Inc.*, No. CV 21-272-BAJ-RLB, 2022 WL 879497 (M.D. La. Mar. 23, 2022) (approving an hourly rate of $375/hr for an attorney with 22 years of experience); *Acadian Diagnostic Lab'ys, LLC v. Quality Toxicology, LLC,* No. CV 16-00176-BAJ-EWD, 2020 WL 1317733 (M.D. La. Mar. 20, 2020) (approving hourly rates of $300/hr, $225/hr for attorneys and $75/hr for paralegals).

### ii. Reasonable hours expended

Defendants' proposed fee award is based on Hammonds billing 442.70 hours to the above-captioned matter. Roughly 376.30 hours of that time was billed by partners at Hammonds, and approximately 66.40 hours was billed by associates. The Court finds that Defendants have supported their hours assertion with sufficient evidence, including an affidavit attesting to the reasonableness of the lawyers' billing practices and a detailed itemization of hours billed, (Doc. 82-2). *See LaBarge Pipe & Steel Co. v. First Bank*, No. CIV.A. 03-281-BAJ, 2011 WL 3841605, at *2 (M.D. La. Aug. 29, 2011) (*quoting Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) ("[C]ourts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours, but failing to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours.") (quotation marks omitted) (Jackson, J.).

### iii. Lodestar rate

In summary, the lodestar amount of reasonable hours multiplied by the reasonable rates set forth above is as follows:

| | | |
|---|---|---|
| Partners | ~376.30 hours @ $175/hour = | $65,852.50 |
| Associates | ~66.40 hours @ 125/hour = | $8,300.00 |
| | **Total:** | **~$74,152.50** |

As neither party argues for a reduction or enhancement of the lodestar amount,

the Court finds that it is fair and reasonable. The Court therefore need not address the *Johnson* factors. *See Johnson*, 488 F.2d 714; *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) ("There exists a strong presumption of the reasonableness of the lodestar amount."); *Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993) (holding that the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Attorney's Fees and Costs (Doc. 82)** be and is hereby **GRANTED**. Plaintiff shall pay Defendants' costs and expenses in the amount of $693.20, and shall pay Defendants' reasonable attorney's fees in the amount of $74,152.37.

Baton Rouge, Louisiana, this 5th day of March, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**